```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION
```

```
JOSEPH WILSON, JR.,            :    PRISONER CIVIL RIGHTS
GDC No. 399683,                :    42 U.S.C. § 1983
    Plaintiff,                 :
                               :
    v.                         :    CIVIL ACTION NO.
                               :    1:14-CV-1271-TWT-ECS
FORSYTH   COUNTY   BOARD   OF  :
COMMISSIONERS, et al.,         :
    Defendants.                :
```

**FINAL REPORT AND RECOMMENDATION**

In 1979, Joseph Wilson, Jr. was convicted of murder and related crimes and sentenced to death. Wilson v. State, 268 S.E.2d 895 (Ga. 1980) (affirming death sentence), cert. denied 449 U.S. 1103 (1981). Following a federal habeas corpus proceeding, Mr. Wilson's sentence was reduced to life. See Wilson v. Kemp, 777 F.2d 621 (11th Cir. 1985), cert. denied 476 U.S. 1153 (1986). Mr. Wilson is now serving this sentence in the Georgia state prison system. See http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last viewed May 1, 2014; searched for GDC No. 399683).

This matter is before the Court because Mr. Wilson has filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 demanding "$1.6 million dollars a day for these 35 years he has been locked up" and further demanding that this Court "squash Plaintiff's indictment." [Doc. No. 1 at 4].

AO 72A
(Rev.8/82)

Mr. Wilson's demand for damages is precluded by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In that case, the Supreme Court held that a damages action under § 1983 is barred if a judgment in the plaintiff's favor "would necessary imply the invalidity of [the] conviction or sentence," and the conviction and sentence have not been reversed, vacated, or otherwise invalidated. <u>See</u> <u>Heck</u>, 512 U.S. at 487. Mr. Wilson has not alleged that he satisfies that requirement. While his sentence was reduced, his convictions were not reversed, vacated, or invalidated. Accordingly, that portion of Mr. Wilson's complaint fails to state any claim upon which relief may be granted under 42 U.S.C. § 1983.

Similarly, Mr. Wilson's demand that his indictment be quashed is precluded by <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). In that case, the Supreme Court held that "when a state prisoner is challenging the very fact of duration of his physical imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Preiser</u>, 411 U.S. at 500. Accordingly, that portion of his complaint also fails to state any claim upon which relief may be granted under 42 U.S.C. § 1983.

The undersigned **RECOMMENDS** that Mr. Wilson's complaint be **DISMISSED** for failure to state any claim upon which relief may be granted under § 1983. <u>See</u> 28 U.S.C. § 1915A.

Because Mr. Wilson has already pursued state and federal habeas corpus relief, the undersigned **RECOMMENDS** that this Court **DECLINE** to construe his § 1983 complaint as a second or successive habeas petition.

Solely for the purpose of dismissal, the undersigned **GRANTS** Mr. Wilson's application for permission to proceed in forma pauperis. See [Doc. No. 2].

The undersigned notes that if Mr. Wilson's § 1983 complaint is dismissed pursuant to § 1915A, he will have accumulated "three strikes" for purposes of 28 U.S.C. § 1915(g). See also Wilson v. Unnamed Defendant, No. 1:12-CV-3219-TWT (N.D. Ga. Sept. 13, 2012) (dismissed pursuant to § 1915A as frivolous); Wilson v. Georgia State Bd. of Pardons and Paroles, No. 1:06-CV-16-TWT (N.D. Ga. Jan. 3, 2006) (dismissed pursuant to § 1915A for failure to state a claim upon which relief could be granted).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 7th day of May, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3